UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUZZFEED, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al.,<br><br>      Defendants. | Civil Action No. 22-0515 (CJN) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

**TABLE OF CONTENTS**

LEGAL STANDARD ..........................................................................................................2

ARGUMENT....................................................................................................................3

    I.      PLAINTIFF IS NOT ELIGIBILE FOR ATTORNEY'S FEES.............................3

    II.     PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES ..............................7

           A.     Plaintiff Fails to Establish That the Bureau's Conduct Was Unreasonable 8

    III.    PLAINTIFF'S FEE REQUEST IS UNREASONABLE. ......................................9

           A.     Plaintiff's Time Entries for the "Fee Waiver Memo" Are Not
                Compensable. .......................................................................................9

           B.     Plaintiff's Records Are Vague and/or Relate to Work That Was
                Duplicative, Unnecessary, and/or of Uncertain Relevance to this
                Litigation.............................................................................................9

           C.     Plaintiffs Are Not Entitled to Fees for the Time Spent Preparing Their
                Motion for Attorneys' Fees.................................................................13

CONCLUSION...............................................................................................................16

# TABLE OF AUTHORITIES

*Baylor v. Mitchell Rubenstein & Assocs., P.C.*,
  857 F.3d 939 (D.C. Cir. 2017) ................................................................................. 5-6

*Bloomgarden v. Dep't of Just.*,
  253 F. Supp. 3d 166 (D.D.C. 2017) ........................................................................... 7

*Blum v. Stenson*,
  465 U.S. 886 (1984) ................................................................................................... 3

*Brayton v. Office of the U.S. Trade Rep.*,
  641 F.3d 521–26 (D.C. Cir. 2011) ............................................................................ 3

*Church of Scientology v. Harris*,
  653 F.2d 584–88 (D.C. Cir. 1981) ............................................................................ 5

*Contreras v. Dep't of Just.*,
  729 F. Supp. 2d 167 (D.D.C. 2010) .......................................................................... 3

*Copeland v. Marshall*,
  641 F.2d 880 (D.C. Cir. 1980) .................................................................................. 8

*Cuneo v. Rumsfeld*,
  553 F.2d 1360 (D.C. Cir. 1977) ................................................................................ 5

*Davy v. CIA*,
  550 F.3d 1155 (D.C. Cir. 2008) ................................................................................ 6

*Dorsen v. SEC*,
  15 F.Supp.3d 112 (D.D.C. 2014) ........................................................................... 6-7

*Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*,
  982 F. Supp. 2d 56 (D.D.C. 2013) ............................................................................ 8

*Env't Def. Fund, Inc. v. Reilly*,
  1 F.3d 1254 (D.C. Cir. 1993) .................................................................................... 8

*Elec. Priv. Info. v. Dep't of Homeland Sec.*,
  218 F. Supp. 3d 27 (D.D.C. 2016) ............................................................................ 4

*Gov't Accountability Proj. v. Dep't of Homeland Sec.*,
  Civ. A. No. 17- 2518 (CRC), 2020 WL 4931932 (D.D.C. June 2, 2020) ............... 7

*Grand Canyon Tr. v. Zinke*,
  311 F. Supp. 3d 381 (D.D.C. 2018) ...................................................................... 4, 5

*Grand Canyon Trust v. Bernhardt*,
  947 F.3d 94 (D.C. Cir. 2020) .................................................................................... 6

*Ground Saucer Watch, Inc. v. CIA*,

692 F.2d 770 (D.C. Cir.1981) ................................................................................ 5

*Hensley v. Eckerhart,*
    461 U.S. 424 (1982) ........................................................................................ 5

*Mobley v. Dep't of Homeland Sec.,*
    908 F. Supp. 2d 42 (D.D.C. 2012) ................................................................. 2

*Morley v. CIA,*
    894 F.3d 389 (D.C. Cir. 2018) ....................................................................... 2

*Prunty v. Vivendi,*
    195 F. Supp. 3d 107 (D.D.C. 2016) ............................................................. 10

*Wren v. Dep't of Just.,*
    282 F. Supp. 3d 216 (D.D.C. 2017) ............................................................... 6

Defendants the Federal Bureau of Investigation and the Department of Justice (collectively the "Bureau"), hereby oppose Plaintiff's Motion for Attorneys' Fees ("Motion" or "Pl.'s Mot."; ECF No. 39) pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff demands $18,411.94 in attorneys' fees and $438.64 in costs. *See id.* at 1, 10. For the reasons described herein, Plaintiff is neither eligible nor entitled to attorneys' fees. Moreover, the amount requested is patently unreasonable. The Court should therefore decline to award any fees.

### LEGAL STANDARD

FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i); *see Morley v. CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018), *cert. denied*, 139 S. Ct. 2756 (2019) (per curiam) ("the FOIA attorney's fees statute provides that the district court 'may' award fees to a prevailing plaintiff—and not 'must' or 'shall' award fees"). To "substantially prevail" means to have "obtained relief" through either (1) "a judicial order, or an enforceable written agreement or consent decree;" or (2) "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii). Whether a plaintiff has substantially prevailed requires assessing "[a] FOIA case . . . in its totality" and, specifically, whether the FOIA plaintiff "obtain[ed] the essential elements of the relief that it seeks in its complaint." *Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 48 (D.D.C. 2012).

In addition to establishing that it is "eligible" for fees, to recover reasonable attorney's fees Plaintiff also must show that it is "entitled" to recovery given the particular circumstances of this case. *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 525–26 (D.C. Cir. 2011). If a plaintiff makes both showings, the plaintiff still must establish that the fee sought is reasonable.

*See Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984) (a "district court is expressly empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness").

## ARGUMENT

## I.    <u>PLAINTIFF IS NOT ELIGIBILE FOR ATTORNEY'S FEES</u>

A FOIA requester is eligible for an attorney's fee award only if it "substantially prevails" in its suit. 5 U.S.C. § 552(a)(4)(E). As noted above, a plaintiff "substantially prevails" if it "obtained relief through either – (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id*.; *Contreras v. Dep't of Just.*, 729 F. Supp. 2d 167, 170 (D.D.C. 2010). The latter definition involving "a voluntary or unilateral change in position by the agency" is known as the catalyst theory. Plaintiff has not substantially prevailed in this suit because it has not "obtained relief" under either definition in 5 U.S.C. § 552(a)(4)(E).

It is undisputed that no judicial order, enforceable written agreement, or consent decree has been entered here, thus, Plaintiff cannot and does not argue that it is eligible to fees under the first factor. Nor can Plaintiff prevail under the catalyst theory, since its motion relies solely on the proposition that it is eligible for and entitled to attorneys' fees because this litigation supposedly "accelerated Defendants' production by getting the first release 71 months faster and the final release 35 months faster than Defendants' estimated completion date." Pl.'s Mot. (ECF No. 39) at 4.[1] There are significant problems with Plaintiff's sole argument in support of an award for

---

[1]    Importantly, Plaintiff cannot argue that the filing of its Complaint caused the Bureau to process its initial FOIA request, since the attached Declaration of Isabel Marie Lara ("Lara Decl.") reflects that the Bureau responded to the FOIA request prior to the filing of the Complaint. *Compare* Lara Decl. ¶ 8 (reflecting that the Bureau issued a response to the FOIA request on July 9, 2021) *with* Complaint (ECF No. 1) (reflecting that the Complaint was filed on February 28, 2022).

attorneys' fees. As an initial matter, the mere fact that Defendants completed their productions of responsive, non-exempt records at an earlier date than initially expected, without more (and Plaintiff does not offer more), cannot constitute obtaining relief that renders Plaintiff eligible for fees and costs. Defendants acknowledge that there is case law emanating from courts in this District suggesting that an agency defendant's "sudden acceleration in processing a FOIA request may lead to the conclusion that the lawsuit substantially caused the agency's compliance with FOIA." *Elec. Priv. Info. v. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 41 (D.D.C. 2016) (quotations omitted). But this is no such case of "sudden" acceleration. On the contrary, that Defendants processed the records faster than initially anticipated does not, on its own, establish causation. Indeed, Plaintiff's motion fails to provide any evidence whatsoever of any acceleration, let alone a sudden acceleration, in the processing of its FOIA request. *See generally* Pl.'s Mot. (ECF No. 39).

"[W]hen determining whether a party's action was the catalyst for the defendant's compliance with its FOIA obligations, courts look at the circumstances surrounding disclosure, and consider factors such as whether the agency made a good-faith effort to search out material and pass on whether it should be disclosed, whether the scope of request caused delay in disclosure, and whether the agency was burdened by other duties that delayed its response." *Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 205 (D.D.C. 2016) (cleaned up). While Defendants do not contest that they completed their productions months sooner than their initial estimated completion date, that does not mean that this lawsuit caused them to complete their productions sooner than their initial estimated completion date. And indeed, it is well-established that a FOIA plaintiff does not become eligible for attorneys' fees because an agency defendant refuses to provide an estimated completion date, so Plaintiff cannot now say that the Bureau is on the hook for fees just

because it responded to Plaintiff's request for an estimated completion date and then managed to process the subject FOIA request sooner than the Bureau anticipated. *See Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381, 390 (D.D.C. 2018) (rejecting plaintiff's argument for attorney's fees that was based in part on agency's failure to provide estimated completion date), *aff'd sub nom. Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94 (D.C. Cir. 2020).

But Plaintiff's problems go beyond the fact that its motion is unsupported by any acceptable argument or evidence. To the contrary – the Lara Declaration conclusively establishes that the timing of the completion of Defendants' productions of non-exempt records responsive to Plaintiff's FOIA request was unrelated to Plaintiff's filing of a federal complaint. *See generally* Lara Decl. The Lara Declaration explains, among other things, that the estimated completion date was based on the queue placement of the FOIA request and the average time the Bureau usually needed to process like FOIA requests as of January 10, 2022, which was when the estimated completion date was conveyed to Plaintiff. *Id*. ¶ 23. Further, while the Lara Declaration acknowledges that the Bureau completed processing earlier than the estimated completion date provided for this case, it explains that this was due to programmatic changes at the Bureau that were in no way caused by the filing of Plaintiff's federal complaint. *Id*. ¶¶ 23-28. In other words, the faster processing rate did not occur because of the filing of Plaintiff's complaint. Given that the Court is required under the law to accept the "detailed and non-conclusory" Lara Declaration as "submitted in good faith," the Court should credit the Bureau's explanation for the delta in processing rate and find that Plaintiff fails to establish it is eligible for fees. *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

Critically, for a FOIA plaintiff to be eligible for fees, there must be a causal link between the lawsuit and the agency's release of responsive documents. *Church of Scientology v. Harris*,

653 F.2d 584, 587–88 (D.C. Cir. 1981). But if fee petitions such as Plaintiff's are given consideration, the Court is likely to be further burdened with "one of the least socially productive types of litigation imaginable," namely satellite attorney's fees litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 442 (1982) (Brennan, J., concurring in part and dissenting in part). After all, "Congress did not intend the award of attorney fees to be automatic" in FOIA cases, *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1367 (D.C. Cir. 1977), but that is functionally what Plaintiff seeks to turn this lawsuit—and the agency's good faith, extensive efforts to minimize and simplify litigation—into. *Accord Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 960 (D.C. Cir. 2017) (Henderson, J., concurring) (lamenting "satellite fee litigation" where counsel "lost sight of the real party in interest" and counsel sought a "windfall"; an excessive "fee request is not victimless: the money has to come from someone").

Plaintiff's only argument for why it believes that it substantially prevailed boils down to a logical fallacy that the D.C. Circuit squarely and repeatedly has rejected—namely, that the Department released records only after he sued. *See* Pl.'s Mot. at 4-5. But that "is insufficient to establish causation." *Grand Canyon Tr.*, 947 F.3d at 97. To the contrary, "an allegedly prevailing complainant must assert something more than Post hoc, ergo propter hoc." *Cox v. Dep't of Just.*, 601 F.2d 1, 6 (D.C. Cir. 1979); *see also Grand Canyon Tr.*, 947 F.3d at 97 (same); *Crooker v. Dep't of Treasury*, 663 F.2d 140, 141 (D.C. Cir. 1980) (same); *Sweatt v. Navy*, 683 F.2d 420, 423 (D.C. Cir. 1982) (same); *Pub. L. Educ. Inst. v. Dep't of Just.*, 744 F.2d 181, 183 (D.C. Cir. 1984) ("more than post hoc, ergo propter hoc must be shown"). "Courts may not award fees and costs automatically when an agency produces documents only after a lawsuit." *Student Borrower Prot. Ctr.*, 2025 WL 1373472, at *6. But "post hoc, ergo propter hoc" arguments are all that Plaintiff offers. Because Plaintiff offers "precisely the type of conclusory post hoc argument that precedent

rejects," it fails to show he substantially prevailed. *Conservation Force*, 160 F. Supp. 3d at 207. It is therefore not eligible for fees.

## II.    PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES

Because Plaintiff is not eligible for attorneys' fees and costs, the Court need not determine whether it is entitled to attorney's fees and costs. But if the Court finds that Plaintiff is eligible for attorney's fees and costs, Plaintiff is not entitled to recover such fees and costs because Plaintiff cannot demonstrate that Defendants' conduct was unreasonable.

In determining whether a FOIA plaintiff is entitled to fees, courts consider and weigh a "variety of factors": "(1) the public benefit derived from the case; (2) the commercial benefit to the requester; (3) the nature of the requester's interest in the records; and (4) the reasonableness of the agency's conduct." *Wren v. Dep't of Just.*, 282 F. Supp. 3d 216, 225 (D.D.C. 2017) (quoting *Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011) and *Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013)). None of these factors "is dispositive, although the court will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008). The Bureau does not dispute that Plaintiff's request served the public interest and was not made to obtain a commercial benefit. However, the fourth factor above weighs against a finding that Plaintiff is entitled to fees and costs.

A district court has broad "discretion" in both its "analysis of each of the four individual factors" and its "balancing of the four factors." *Morley v. CIA*, 894 F. 3d 389, 391 (D.C. Cir. 2018). "[W]hen all four factors point in favor of the plaintiff or in favor of the defendant, the attorney's fees analysis is ordinarily straightforward. But when the four factors point in different directions, the district court has very broad discretion in deciding how to balance those factors and whether to award attorney's fees." *Id*. Indeed, if the four factors point in different directions, assuming no

abuse of discretion in the district court's analysis of the individual factors, it will be the rare case when [the D.C. Circuit] can reverse a district court's balancing of the four factors and its ultimate decision to award or deny attorney's fees." *Id*. at 391-92. The only constraint on a district court's discretion is that its analysis and balancing of the factors must be "at least reasonable." *Id*. at 392.

### A.     Plaintiff Fails to Establish That the Bureau's Conduct Was Unreasonable

Courts in this District have explained that the fourth factor—the reasonableness of the defendants' conduct—may be "dispositive." *Dorsen v. SEC*, 15 F.Supp.3d 112. 120-121 (D.D.C. 2014). "This factor 'is intended to weed out those cases in which the government was recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Bloomgarden v. Dep't of Just.*, 253 F. Supp. 3d 166, 173 (D.D.C. 2017) (quoting *Tax Analysts*, 965 F.2d at 1097). When, by contrast, there is no evidence of obdurate and recalcitrant behavior, and no evidence that the government needlessly prolonged the litigation, the fourth factor weighs heavily against awarding fees.

Here, the record reflects that Plaintiff did not move for summary judgment on any issue relating to the Bureau's search or withholdings in this case. Where a plaintiff "does not contest" an agency's determinations, it has agreed that "there was no improper withholding, [and] the Court need not decide whether the agency had a 'colorable or reasonable basis.'" *Gov't Accountability Proj. v. Dep't of Homeland Sec*., Civ. A. No. 17- 2518 (CRC), 2020 WL 4931932, at *2 (D.D.C. June 2, 2020) (quoting *Davy*, 550 F.3d at 1163). Thus, Plaintiff's reasonableness argument rests entirely on the allegation that the Bureau completed their productions of responsive, non-exempt records at an earlier date than they initially expected. But this argument is meritless and therefore, Plaintiff cannot show that the Bureau's conduct was unreasonable, or that their conduct was so unreasonable that Plaintiff should be deemed entitled to attorneys' fees. *See supra*.

### III.     PLAINTIFF'S FEE REQUEST IS UNREASONABLE.

To the extent that the Court deems Plaintiff eligible and entitled for attorneys' fees, Plaintiff's fee demand is unreasonably high. As will be demonstrated below, Plaintiff's billing records, which seek compensation from the taxpayers for 30.8 total hours, contain multiple time entries for non-compensable work, along with abundant evidence of plainly excessive billing. Accordingly, any fee award in this case should be substantially reduced.[2]

#### A.     Plaintiff's Time Entries for the "Fee Waiver Memo" Are Not Compensable.

Plaintiff seeks approximately $725.00 relating to work done in relation to a "fee waiver, fee category, and fee assessment" memorandum. Pl.'s Mot., Ex. 1, Feb. 2022 entries (ECF No. 39-1 at 3). And as indicated above, "a plaintiff substantially prevails when he or she can demonstrate that 'the institution and prosecution of the litigation cause[d] the agency to release the documents obtained during the pendency of the litigation.'" *Dorsen v. SEC*, 15 F. Supp. 3d 112 at 118 (citing *Church of Scientology*, 653 F.2d at 587). As such, the Bureau rejects the proposition that any work involving obtaining a fee waiver in relation to a FOIA request is compensable. But even if the Court disagrees, the Lara Declaration explains very clearly that Plaintiff's request for a fee waiver was denied, and any efforts Plaintiff made to persuade the Bureau to reverse its decision was not successful. *See*, *e.g.*, Lara Decl. ¶ 21. Therefore, Plaintiff should not be awarded fees for any work performed in relation to its fee waiver request.

#### B.     Plaintiff's Records Are Vague and/or Relate to Work That Was Duplicative, Unnecessary, and/or of Uncertain Relevance to this Litigation.

---

[2]      Plaintiff appropriately claims attorneys' fees pursuant to the hourly billing rates established by the Fitzpatrick Matrix, and therefore Defendant does not challenge the reasonableness of Plaintiff's rates. *See* Fitzpatrick Matrix n. 3, https://www.justice.gov/usao-dc/media/1395096/dl?inline (last visited May 20, 2026).

Many of the hours for which Plaintiff seeks attorneys' fees clearly consist of needless and/or duplicative tasks. As such, the Court should exclude from any award fees that were unnecessarily incurred or are excessive. *See Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60 (D.D.C. 2013) ("[T]his Court expects fee applicants to exercise billing judgment. Where applicants fail to do this, the Court will exclude 'hours that are excessive, redundant, or otherwise unnecessary' after considering the record."); *see also Env't Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir. 1993) ("In deciding the reasonableness of the hours reported, we properly disallow 'time spent in duplicative, unorganized or otherwise unproductive effort.'"); *see also Conservation Force*, 160 F. Supp. 3d 194 at 203 ("it is important to note that, even after finding eligibility and entitlement, district courts retain the discretion to modify a fee award based on the reasonableness of the request and the particular facts of the case"). The overall unreasonableness of Plaintiff's fee demand is a strong basis for this Court to exercise its discretion to deny Plaintiff fees *in toto*. *See Morley*, 894 F.3d at 391 ("the FOIA attorney's fees statute provides that the district court 'may' award fees to a prevailing plaintiff—and not 'must' or 'shall' award fees"). An excessive "fee request is not victimless: the money has to come from someone." *Id*. at 960. *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 960 (D.C. Cir. 2017) (Henderson, J., concurring). This Court thus should exercise its discretion to ensure that Plaintiff and his counsel do not reap a "windfall." *Id*.

Further, many of Plaintiff's individual fee entries are vague and/or of uncertain relevance to this case or relate to work that was duplicative of other work performed or was otherwise unnecessary. *Fabi Constr. Co. v. Sec'y of Lab.*, 541 F.3d 407, 411 (D.C. Cir. 2008) ("there are various entries that do not appear to be relevant . . . and therefore may not be included in an award"); *Michigan v. EPA*, 254 F.3d 1087, 1093, 1095 (D.C. Cir. 2001) (reducing fees for entries

- 10 -

that were "vague and contain no useful breakdown of professional time by task" or were "devoid of any descriptive rationale for their occurrence"); *In re North*, 12 F.3d 252, 257 (D.C. Cir. 1994) ("supporting documentation is inadequately detailed"); *In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990) ("hours must be excluded . . . that are excessive, redundant or otherwise unnecessary" (cleaned up)); *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989) ("Such description fails to provide the court with any basis to determine with a high degree of certainty that the hours billed were reasonable." (internal quotation marks omitted)). As such, the Court should limit any fees award, if it decides to award any fees at all. *See Am. Wrecking Corp. v. Sec'y of Lab*., 364 F.3d 321, 329 (D.C. Cir. 2004) ("In light of these deficiencies, we will reduce the number of hours . . . by 50%"); *Role Models of Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) ("In view of all this—inadequate documentation, failure to justify the number of hours sought, inconsistencies, and improper billing entries—we will allow reimbursement for only fifty percent of the attorney hours that [plaintiff] requests."); *Williams v. Johnson*, 174 F. Supp. 3d 336, 357 (D.D.C. 2016) ("a 50% reduction is similarly appropriate here. . . with respect to the specific categories of activities in which the deficient entries fall"); *All. to Save Mattaponi v. Army Corps of Eng'rs*, Civ. A. No. 06-1268 (FJS), 2013 WL 12384559, at *3 (D.D.C. Aug. 21, 2013) (applying "fifty percent across-the-board percentage reduction in Plaintiffs' request for attorney's fees").

Here, Plaintiff's counsel's time entries evidence inefficiencies and a lack of billing judgment. *See Copeland v. Marshall*, 641 F.2d 880, 902-03 (D.C. Cir. 1980) ("not allowable are hours that simply should not have been spent at all, such as where attorneys' efforts are unorganized or duplicative"). For example, Plaintiff bills copious hours for tasks of uncertain value, and it is notable that most of Plaintiff's billing consists of time entries for "review" of various documents, including its own filings and unspecified emails, along with other such tasks.

- 11 -

*See generally* Pl.'s Mot., Ex. 1 (ECF No. 39-1 at 3-5). Plaintiff's billing sheet also plainly reflects duplicative time entries, with several examples of multiple attorneys and paralegals billing for their participation in the same conference calls. *See id.*, *e.g.*, Mar. 21, 2022 entry (reflecting separate time entries by a paralegal and by an attorney for their participation in the same conference call with their client); *see also*, *e.g.*, Oct. 12, 2022 entry (reflecting same); *see also* Dec. 2022 entries (reflecting multiple time entries for internal discussions between multiple attorneys and paralegals regarding "case status"). Plaintiff should not be able to recover thousands of dollars for vague, unnecessary, and duplicative work that ultimately relates to emails, phone calls, and other discussions that did not meaningfully advance this litigation. These entries are routinely entered by Plaintiffs in small time increments, but in significant volume, so as cumulatively to amount to an unacceptable sum.

An attorney's fees award thus warrants a reduction if the plaintiff fails to document his fee entries sufficiently by offering vague or undetailed descriptions. *See Role Models*, 353 F.3d at 971, 973 ("Many time records also lack adequate detail," and plaintiff "has not explained how these tasks helped it prevail" (cleaned up)); *Michigan v. EPA*, 254 F.3d 1087, 1093, 1095 (D.C. Cir. 2001) (reducing attorney's fees for time entries that were "vague and contain no useful breakdown of professional time by task" or "devoid of any descriptive rationale for their occurrence"); *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 761 (D.C. Cir. 1999) ("Many of the itemized descriptions . . . within the subsections are too vague to identify with any particular task . . . Hours may also be rejected when work descriptions are so general that a court cannot ascertain the reasonableness of the time claimed"); *In re North*, 12 F.3d 252, 257 (D.C. Cir. 1994) (reducing attorney's fees because the "supporting documentation is inadequately detailed"). After all, fees "documentation and specification that do not adequately describe the

- 12 -

legal work for which the client is being billed" makes "it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given legal task." *In re Sealed Case*, 890 F.2d 451, 455 (D.C. Cir. 1989).

This Court accordingly should reject Plaintiff's fee demand, to which it is not eligible nor entitled, and which is based on inflated time entries. In the alternative, the Court should significantly reduce any award for attorneys' fees, should it decide in Plaintiff's favor on the questions of eligibility and entitlement.

### C. Plaintiffs Are Not Entitled to Fees for the Time Spent Preparing Their Motion for Attorneys' Fees.

Finally, Plaintiff seeks attorneys' fees for the time spent working on its motion. Pl.'s Mot., Ex. 1, Nov. 2025-Apr. 2026 entries (ECF No. 39-1 at 5). "While it is settled in this circuit that hours reasonably devoted to a request for fees are compensable, fees on fees must be reasonable, and not excessive." *Elec. Privacy Info. Ctr. v. FBI*, 80 F. Supp. 3d 149, 162 (D.D.C. 2015) (internal citations and edits omitted). The Court must "scrutinize" fees-on-fees "to ensure that the total is reasonable and . . . does not represent a windfall for the attorneys." *See id.* at 162–63 (citing *Boehner v. McDermott*, 541 F. Supp. 2d 310, 325 (D.D.C. 2008)); *see also Baylor v. Mitchell Rubenstein & Assocs.*, P.C., 857 F.3d 939, 959–60 (D.C. Cir. 2017) (Henderson, J., concurring). Moreover, it is well-established that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Comm'r v. Jean*, 496 U.S. 154, 163 n.10 (1990).

Here, given that Plaintiffs did not prevail in this litigation in any way, the Court should deny Plaintiff any award for the preparation of their motion. Alternatively, even if the Court were inclined to award fees on fees, it should only award only an amount that reflects the generally

- 13 -

unnecessary nature of this litigation and the generally non-compensable nature of the work Plaintiff's counsel performed during it. *See supra*.

Finally, it is notable that approximately one-third of the hours billed in this case relate to Plaintiff's motion. Pl.'s Mot., Ex. 1, Nov. 2025-Apr. 2026 entries (ECF No. 39-1 at 5) (reflecting that Plaintiff's time entries relating to this motion constitute roughly 11 hours, whereas all of Plaintiff's time entries cumulatively amount to approximately 30 hours). Simply put, Plaintiffs' attorneys appear to seek a windfall due to preparation of the fee petition. *Louise Trauma Ctr. v. DHS*, No. 20-1128 (TNM), 2023 WL 3478479 at *7 (D.D.C. May 16, 2023) (a court has a duty to "scrutinize fees-on-fees to ensure that the total is reasonable and does not represent a windfall for the attorneys"; plaintiff's fees on fees request of nearly 30% of the claimed total for the case was an unsupportable windfall) (quoting *Urban Air v. EPA*, 442 F. Supp. 3d 301, 327 (D.D.C. 2020)). Thus, the Court should significantly reduce Plaintiff's request for reimbursement of fees on fees, should any award be made. *See id.* (reducing plaintiff's fees on fees award); *see also Urban Air*, 442 F. Supp. 3d at 327 (awarding less than 30% of requested fees-on-fees, where request constituted nearly 30% of claimed total litigation fees); *Trichilo v. Sec'y of Health & Hum. Servs.*, 823 F.2d 702, 708 (2d Cir. 1987) ("If counsel makes inflated or outrageous fee demands, the court could readily deny compensation for time spent in pressing them, since that time would not have been reasonably spent." (internal quotation marks omitted)). Further, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Comm'r Immigr. & Nat. Serv. v. Jean*, 496 U.S. 154, 163 n.10 (1990); *see Prunty v. Vivendi*, 195 F. Supp. 3d 107, 117 (D.D.C. 2016) ("the court reduces the fees-on-fees award to reflect Defendants' degree of success on their fee petition"); *Sierra Club v. Jackson*, 926 F. Supp. 2d 341, 350 (D.D.C. 2013)

- 14 -

- 15 -

("A party seeking fees for fees should not receive fees for the time spent defending aspects of the fee application that were unsuccessful" (cleaned up)).

\* \* \*

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for an award of attorneys' fees and costs entirely.

Dated: May 26, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Fithawi Berhane*
    FITHAWI BERANE
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-6653

*Attorneys for the United States of America*